JAMES C. TATMAN, defendant below, Appellant, *v.* ISAAC
SIMPSON, Administrator of HIRAM RIGGS, deceased,
plaintiff below, Respondent.

In mutual accounts between parties, both commencing in 1836, the plain-
tiff's terminating in 1856 and the defendant's in 1853, their mutuality as
open and current accounts with respect to each other, ceases from the
date of the last item entered in the account of the latter, and from that
time the statute of limitations begins to run against the account of the
former.

ON appeal from a justice of the peace. Pronarr in as-
sumpsit, with the usual pleas.

The party plaintiff below, produced and proved the
book account of the deceased, which commenced in May,
1836, and continued until August 13, 1856, on which date
the last item in the account was entered. The suit was
commenced below upon it April 23, 1859. The counsel
for the defendant below, then offered in evidence an ac-
count of his against the deceased, commencing. March
29, 1836, and terminating July 18, 1853. The item pre-
ceding the last in the account of the deceased, was en-
tered June 18, 1855.

The question raised by the counsel in the case, was
whether the account of the plaintiff below, or any part
of it, and if so, what part of it, was barred by the statute
of limitations; and also, whether the account of the de-
fendant below was barred, or whether it did not constitute
and prove a case of mutual accounts still open and cur-
rent between the parties at the time of the institution of
the suit below, and thus save and exempt both accounts
from the operation of the statute of limitations.

*The Court, Gilpin Ch. J.,* charged the jury, that the
mutuality of the two accounts, both of which commenced
more than twenty years since, that is to say, in the year
1836, as open and current accounts with respect to each
other, ceased on the 18th day of June, 1853, the date of

the last item entered in the account of the defendant below against the deceased, and from that time the statute of limitations began to run against the account of the plaintiff below, that is to say, of the deceased, and that he consequently could not recover for any item charged in his account more than three years before the commencement of the suit below. But as it appeared from the evidence and the account itself, that the only item charged in the account of the plaintiff below, within the three years next preceding the commencement of the suit below, was the last item in the account, entered August 13th, 1856, it was the only item in the account which then remained unbarred by the statute of limitations, and was consequently the only item in it on which the plaintiff below, could now recover.

*C. S. Layton*, for plaintiff below.

*E. D. Cullen*, for defendant below.